RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  9/17/14
        M3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER ATES (#410465) | DOCKET NO. 14-CV-1114; SEC. P |
| VERSUS | JUDGE DRELL |
| MEDICAL STAFF, ET AL. | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Pro se Plaintiff Christopher Ates filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 6, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), and he is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff complains that he has been denied adequate medical care for scoliosis.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff complains that, upon arrival at WNC on April 5, 2004, he advised the medical staff of his scoliosis condition. Later that year, he was issued a medical status for his condition. From November 1, 2005, through May 1, 2006, Plaintiff had a status of "Regular Duty: No walking over half a mile for six months." [Doc. #1, p.4] On March 6, 2007, Plaintiff received three days of Motrin. On March 8, 2007, he received a two day medical status. On May 4, 2007, Plaintiff was provided insoles for his shoes. On

February 12, 2008, Plaintiff was examined by Nurse Keiffer regarding his scoliosis. On February 14, 2008, Plaintiff filed a prison complaint. On October 16, 2008, Plaintiff received a three-month "pill pass." [Doc. #1, p.4]

On July 22, 2013, Plaintiff made a complaint and was examined by LPN Self. [Doc. #1, p.4] On August 27, 2013, Nurse Spence told Plaintiff that he is not treated in the chronic clinic because there is no medication for scoliosis. Plaintiff was ordered to amend his complaint, which was submitted and filed into the record on September 4, 2014.

*Law and Analysis*

1. **Dr. Pacheco, Nurse Smith, Nurse Keiffer, Medical Director Thomas**

Plaintiff alleges deprivations of medical care by Dr. Pacheco, Nurse Smith, Nurse Keiffer, and Medical Director Thomas from March 29007 through October 2008. [Doc. #10] There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in §1983 claims. See Wallace v. Kato, 549 U.S. 384 (2007); Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. Thus, Plaintiff had one year from the dates outlined above within which to file suit. He did not file this suit until June 2014, almost six years after these alleged deprivations took place. Plaintiff has not presented any allegations that would entitle him to equitable tolling from

2007/2008 until 2014. His claims against Dr. Pacheco, Nurse Smith, Nurse Keiffer, and Medical Director Thomas are frivolous.

2. **Nurse Self & Nurse Spence**

Plaintiff alleges that on July 22, 2013, Nurse Self failed to pursue appropriate protocol with regard to Plaintiff's medical condition. He claims that the nurse should have referred Plaintiff to an orthopedist. [Doc. #10] He also alleges that Nurse Spence failed to take appropriate action to remedy Plaintiff's medical condition on August 27, 2013. [Doc. #10] He alleges that Spence should have submitted Plaintiff to the chronic care clinic. He claims that Spence stated, "You were not in chronic due to no medication available for Scoliosis." [Doc. #10, p.10] He claims that Spence should prescribe him medication for his condition.

Plaintiff has not presented allegations of deliberate indifference by either of the nurses. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994)(applying Farmer to medical care claim).

To state a claim for deliberate indifference, a Plaintiff must allege that the defendants refused to treat him, purposefully gave

3

him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation marks and citation omitted). Plaintiff has failed to make any such non-conclusory allegations. Even unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; ***nor does a prisoner's disagreement with his medical treatment***, absent exceptional circumstances. See id.  According to documents submitted, Plaintiff has been prescribed ibuprofen and consulted about his weight.  Plaintiff clearly disagrees with the treatment prescribed by the medical department and implemented by the nurses, which does not state a claim for relief.  Moreover, Plaintiff has not presented facts that has a serious medical need, and that either nurse disregarded an excessive risk to Plaintiff's health or safety.  He has been treated when he sought treatment.  The fact that the nurses did not (or could not) prescribe further medication or enroll him in a chronic care clinic does not state a claim for relief.

3.  **Winn Correctional Center**

Plaintiff names WNC as a defendant.  Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether Winn has the capacity

4

to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. Art. 24. A review of the Louisiana Secretary of State's corporation database suggests that Winn is not a corporation, and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be

considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE